

# The Attorney General of Texas

June 1, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable L. J. Lacina, Jr.
Washington County Attorney
Courthouse
Brenham, Texas    77833

Opinion No. JM-35

Re:  Whether junior college district must provide funds to operate the county appraisal district pursuant to section 6.06 of the Tax Code

Dear Mr. Lacina:

You ask whether the Junior College District of Washington County (hereinafter Blinn College) is required by section 6.06 of the Tax Code to contribute monies to operate the Washington County Appraisal District.  We conclude that it is obligated to pay for appraisal services performed <u>after</u> January 1, 1982, and to defray the costs incurred by the appraisal district incident to its becoming operational on January 1, 1982, as required by law.  We also conclude that the county was obligated to perform appraisal services for the district and to receive compensation therefor in 1980 and 1981.  In the event that the county contracted with the appraisal district as permitted by law for appraisal services performed prior to 1982, the county was required to compensate the appraisal district for such services.

We first address whether Blinn College can be required to contribute monies to defray costs incurred by the appraisal district incident to its becoming operational on January 1, 1982, as required by law.  Since January 1, 1982, an appraisal district established in each county pursuant to section 6.01 of the Tax Code has been required to appraise property in the district for purposes of ad valorem taxation for each taxing unit imposing ad valorem taxes in the district.  Acts 1979, 66th Leg., ch. 841, §3(a), at 2313.  <u>See</u> Tex. Const. art. VIII, §18.  The legislature further provided that:

> [b]etween January 1, 1980, and January 1, 1982, the appraisal district board of directors shall prepare for the districts' operations pursuant to the Property Tax Code.  The board of directors shall establish, equip, and staff the appraisal office before January 1, 1982.  <u>In 1980, the board of directors shall operate with funds distributed</u>

> by the State Property Tax Board and in 1981 shall
> operate with the state funds and with the money
> paid to the district pursuant to Section 6.06,
> Property Tax Code.  (Emphasis added).

Acts 1979, 66th Leg., ch. 841, §3(c)(4), at 2314.

Section 6.06 of the Tax Code provides that each taxing unit participating in the district is required to pay, in the allocation set forth in the statute, a portion of the budget adopted by the appraisal district board of directors.  But see section 6.061 of the Tax Code and its predecessor section 6.06(d), Tax Code (alternate financing formula).  Section 1.04(12) of the code defines "taxing unit" as "a special district or authority (including a junior college district. . .) . . .whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property."  We have been informed that the Blinn College board of trustees elects to have the county assessor-collector assess and collect the district's taxes.  See Tax Code §6.23; Educ. Code §130.121.  The board, however, adopts the college budget and sets the tax rate accordingly.  In light of this, we conclude that the Blinn College District "imposes" a tax within the meaning of section 1.04(12) of the code and was therefore required by section 6.06 of the code to contribute monies for the operating expenses of the appraisal district prior to January 1, 1982.

The second issue is whether the Blinn College District can be compelled to pay the appraisal district for any appraisal services performed between January 1, 1980, and January 1, 1982, as opposed to operating costs.  It is clear that the code permits the county to contract with the appraisal district to perform appraisal services for the county.  The legislature specifically empowered the appraisal district to contract to perform appraisal services for any taxing unit in its district prior to January 1, 1982.

> Before January 1, 1982, the appraisal district may
> contract as provided by the Interlocal Cooperation
> Act to perform appraisal services for any taxing
> unit within the district.  A contract authorized
> by this subsection must provide that each
> contracting taxing unit pay the actual costs of
> the appraisal services performed for it. . . .
> (Emphasis added).

Acts 1979, 66th Leg., ch. 841, §3(c)(5), at 2314.

Section 130.121 of the Education Code requires the county to "assess and collect" for the junior college district.  It is clear that these provisions empowered the county to contract with the

appraisal district to perform the functions which the county <u>was</u>
<u>authorized to perform</u>, i.e., "assess and collect" for the junior
college district. The real issue is whether the county was also
required to <u>appraise</u> property for the junior college district between
January 1, 1980, and January 1, 1982, or, more specifically, whether
in 1981 and 1982 the county's duty to "assess" property for the
district also encompassed valuing it.

Whatever the term "assess" may have meant prior to January 1,
1982, <u>see</u> Attorney General Opinion MW-4 (1979), it is clear that the
term does not presently encompass the activity of valuing property.
The Tax Code contemplates a three-step process:    (1) appraisal of
property, <u>see, e.g.</u>, §§6.01-6.08, chs. 23, 24, 25, Tax Code; (2)
assessment, <u>see</u> §§6.21-6.30, ch. 26; and (3) collection of taxes, <u>see</u>
ch. 31. An "assessor" is "the officer or employee responsible for
assessing property taxes as provided by Chapter 26 of the code for a
taxing unit by whatever title he is designated." (Emphasis added).
Tax Code §1.04(14).

The 1979 statute which enacted the Tax Code amended section
130.121 of the Education Code to provide that:

> [e]ach governing board shall be authorized to have
> the taxable property in its district <u>assessed and/</u>
> <u>or its taxes collected</u>, in whole or in part, by
> the tax assessors and/or tax collectors,
> respectively, of any county, city, taxing
> district, or other governmental subdivision in
> which all or any part of the junior college
> district is located. . . . Tax assessors and tax
> collectors shall receive compensation in an amount
> agreed on between the appropriate parties, but not
> to exceed two percent of the ad valorem taxes
> assessed. (Emphasis added).

Acts 1979, 66th Leg., ch. 841, §4(k), at 2320. The effective date of
the amendment to the Education Code, however, was January 1, 1982. We
conclude that the legislature, by making the effective date of the
amendment January 1, 1982, intended that the law previously governing
the district remain in effect until that date. In other words, while
the Tax Code specifically empowered taxing units, including the
county, to contract with the appraisal district for appraisal services
during 1980 and 1981, the Education Code continued to repose in the
governing body of the district the authority to require the tax
assessor-collector of any political subdivision in the county so
designated by the district to "assess" the property in the district.
Because the pre-code definition of "assess" included valuing property,
we conclude that the Blinn College District could require the county
to value the property in the district. The county, then, was required

to appraise property for the Blinn College District in spite of the fact that the appraisal district appraised property by contract for the other taxing units in the county. The county was party to a contract with the appraisal district; the junior college was not. We conclude, therefore, that the Blinn College District could require the county to provide appraisals of property for the district, and the district would be obligated by statute to compensate the county. The county, in turn, would receive the appraisals from the appraisal district and compensate the appraisal district as provided in the Tax Code.

Finally, you ask whether the junior college district can be compelled to pay for appraisal services performed by the appraisal district after January 1, 1982. The answer is clearly "yes". While a tax assessor-collector employed by another jurisdiction who assesses and/or collects for the Blinn College District can be compensated for such services, the services of appraising the property must be performed by the Washington County Appraisal District pursuant to article VIII, section 18, of the Texas Constitution and the provisions of the Tax Code. Between January 1, 1980, and January 1, 1982, a taxing unit receiving appraisal services performed by the appraisal district was required to compensate the appraisal district for the actual costs of the services. After January 1, 1982, a taxing unit must compensate the appraisal district in conformity with the allocation formula set forth in section 6.06 of the code unless an alternate allocation formula is adopted pursuant to section 6.061 of the code.

## S U M M A R Y

(1) The Junior College District of Washington County (i.e. Blinn College) is required to contribute monies in accordance with the allocation formula set forth in section 6.06 of the Tax Code to defray costs incurred by the appraisal district incident to its becoming operational on January 1, 1982, as required by law. (2) The Junior College District of Washington County was empowered by statute to compel the county to assess and collect its taxes for it and was obligated to compensate the county for such services in 1980 and 1981. The county was required to provide such services even though it, in turn, contracted for such services with the appraisal district. (3) The Junior College District of Washington County is required to compensate the appraisal district for appraisal services performed by the appraisal district after January 1, 1982, as required by law in accordance

with section 6.06 of the Tax Code, unless an
alternative allocation formula is adopted pursuant
to section 6.061.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton